Our #'s X32-7306R and X32-7310R (RB:lsw)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, NEW YORK

-----------------------------------------------------------

| | | |
|---|---|---|
| In the Matter of the Petition of | : | NEW HAMPSHIRE |
| Daniel Florio, as Owner of the | : | INSURANCE COMPANY'S |
| Motor Yacht "CAROLE JAYE" for | : | ANSWER AND CLAIM |
| Exoneration from or Limitation of Liability | : | (BSJ) |
| | : | |
| | : | |
| | : | 12 Civ. 5838 |
| | : | <u>JURY TRIAL DEMANDED</u> |

-----------------------------------------------------------

Now comes New Hampshire Insurance Company as subrogee of Fletcher Duke

and potential subrogee of Frank Taubner, (hereinafter "New Hampshire") by and through its

attorneys GWERTZMAN LEFKOWITZ BURMAN SMITH & MARCUS, answering the

petition filed pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Marine

claims by Daniel Florio as owner of the motor yacht "Carole Jaye", upon information and

belief as follows:

ANSWER

1. Denies each and every allegation contained in paragraph 1 of the petition.

2. Admits the allegations contained in paragraph 2 of the petition.

3. Denies knowledge or information sufficient to form a belief as to paragraph 3 of the petition.

4. Denies knowledge or information sufficient to form a belief as to paragraph 4 of the petition.

5. Denies knowledge or information sufficient to form a belief as to paragraph 5 of the petition.

6. Denies each and every allegation contained in paragraph 6 of the petition.

7. Denies each and every allegation contained in paragraph 7 of the petition except admits that at the time of the occurrence herein the Carol Jaye was situated on land on or near a parking lot on the property of the New York Athletic Club (NYAC) located in Westchester County, New York.

8. Denies knowledge or information sufficient to form a belief as to paragraph 8 of the petition.

9. Denies knowledge or information sufficient to form a belief as to paragraph 9 of the petition.

10. Denies knowledge or information sufficient to form a belief as to paragraph 10 of the petition.

11. Denies knowledge or information sufficient to form a belief as to paragraph 11 of the petition.

12. Denies knowledge or information sufficient to form a belief as to paragraph 12 of the petition.

13. Denies knowledge or information sufficient to form a belief as to paragraph 13 of the petition.

14. Denies knowledge or information sufficient to form a belief as to paragraph 14 of the petition except admits that on May 17, 2012 a fire occurred on the Carole Jaye which caused damage to the boats owned by plaintiff New Hampshire's insureds, Fletcher Duke and Frank Taubner.

15. Denies knowledge or information sufficient to form a belief as to paragraph 15 of the petition.

16. Denies knowledge or information sufficient to form a belief as to paragraph 16 of the petition.

17. Denies knowledge or information sufficient to form a belief as to paragraph 17 of the petition.

18. Denies each and every allegation contained in paragraph 18 of the petition.

19. Denies each and every allegation contained in paragraph 19 of the petition.

20. Denies each and every allegation contained in paragraph 20 of the petition.

21. Denies knowledge or information sufficient to form a belief as to paragraph 21 of the petition.

22. Denies knowledge or information sufficient to form a belief as to paragraph 22 of the petition.

23. Denies knowledge or information sufficient to form a belief as to paragraph 23 of the petition.

24. Denies knowledge or information sufficient to form a belief as to paragraph 24 of the petition.

25. Denies knowledge or information sufficient to form a belief as to paragraph 25 of the petition.

26. Denies knowledge or information sufficient to form a belief as to paragraph 26 of the petition.

27. Denies knowledge or information sufficient to form a belief as to paragraph 27 of the petition.

28. Denies knowledge or information sufficient to form a belief as to paragraph 28 of the petition.

29. Denies knowledge or information sufficient to form a belief as to paragraph 29 of the petition.

30. Denies knowledge or information sufficient to form a belief as to paragraph 30 of the petition.

31. Denies each and every allegation contained in paragraph 31 of the petition.

32. Denies each and every allegation contained in paragraph 32 of the petition.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. New Hampshire alleges that the Court herein lacks jurisdiction of this matter as this is not an Admiralty or Maritime claim under Rule 9(L) of the Federal Rules of Civil Procedure and/Supplemental Rule F and there is therefore no jurisdiction pursuant to 28 USC sec. 1333.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. New Hampshire alleges that the petitioner, Daniel Florio, is not entitled to either Exoneration or Limitation of Liability pursuant to 46 USC sec. 181-185 and various supplementary statutes thereto as:

    1. The fire which occurred was caused wholly and solely by the negligence of the petitioner, his agents or assigns, in carelessly smoking in and around the Carole Jaye;

    2. The petitioner failed to abide by NFPA 303 Fire Protection Standards for Marinas and Boatyard;

    3. The petitioner, instead of hiring trained personnel to ready the Carole Jaye, had personnel from his company Ambassador Fuel, attempt the work, thus

violating safety protocols which forbid smoking in and around flammable materials.

4.  At the time of the fire as set forth in the petition, the Carole Jaye was not on a navigable waterway and was not therefore subject to either Maritime Law or 46 USC sec. 181-189.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. The damages referred to in New Hampshire's claim were not caused or contributed to by any acts or acts of New Hampshire or its insureds Fletcher Duke and James Taubner.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. New Hampshire asserts its claims are simple property damage negligence claims which should be tried in state court before a jury under the The Saving to  Suitors clause pursuant to 28 USCA 1333 46 Apps. USCA 181-189.

WHEREFORE New Hampshire Insurance Company demands:

a)  Daniel Florio's petition for exoneration from or limitation of liability be denied and;

b)  that the stay be lifted and actions be permitted to proceed in the State Court.

5

## CLAIM OF NEW HAMPSHIRE INSURANCE COMPANY

In support of the claim against Daniel Florio as owner of the motor yacht Carole Jaye, New Hampshire Insurance Company, by and through it attorneys Gwertzman Lefkowitz Burman Smith & Marcus hereby asserts upon information and belief:

1. New Hampshire Insurance Company is a Pennsylvania Corporation and a foreign insurance carrier authorized to conduct business in the State of New York.

2. Frank Taubner is a natural person residing in the State of New York and is the owner of the Trident, a 2004 37' PC Formula;

3. Fletcher Duke is a natural person residing in the State of New York and is the owner of the Esprit a 1978 33' Peason Slogs.

4. Both the Trident and the Esprit were insured for first party property damage by New Hampshire Insurance Company under policy numbers YM083324100 and SA-532-95-25 respectively.

5. Daniel Florio is a natural person residing in the State of New York and is the owner of the Carole Jaye.

6. On May 17, 2012 a fire erupted on the Carole Jaye in a garbage bag on the boat.

7. At the time of the fire the Carole Jaye was in or near a parking lot of the New York Athletic Club Marina in Westchester County, on dry land.

8. At the time of the loss employees of Mr. Florio's company Ambassador Fuel Oil Company had been working on the Carole Jaye for two (2) weeks.

6

9.  On the loss date, in addition to removing a shrink wrap cover, a painter was also present cleaning the boat of tape, rags, paint cans, all of which were placed in garbage bags.

10. At the time of the fire Mr. Florio was on the boat and discovered one of those bags was smoldering and attempted to put out any fire, which failed.

11. The fire spread to both the Trident and Esprit causing damage to those vessels.

12. New Hampshire Insurance was notified and conducted an investigation which revealed the fire was caused by careless smoking.

13. This was also the opinion of the cause and origin investigator for the insurer of the Carole Jaye.

14. The damages claimed by New Hampshire were in no way caused by or contributed to by New Hampshire's insureds, Fletcher Duke or Frank Taubner but were caused wholly by, and due solely to the fault and negligence of Daniel Florio, and his employees in that:

    1.  The fire was caused by careless smoking;

    2.  The petitioner failed to abide by NFPA 303 Fire Protection Standard for Marina and Boatyards.

    3.  The petitioner retained employees of his fuel oil company to ready the Carole Jaye rather then trained personnel who violated safety protocols which forbids smoking in an around flammable materials.

15. As a result, New Hampshire has reimbursed one of its insured's, Fletcher Duke, the sum of $30,000.00 and will be reimbursing its insured Frank Taubner in excess of $100,000.00 for damages sustained to their vessels due to the fire of May 17, 2012.

    Wherefore New Hampshire Insurance Company demands:

a) Daniel Florio's petition for exoneration from or limitation of liability be denied and;

b) that the stay currently in force be lifted so that a state action may be commenced against the Petitioner and his company, Ambassador Fuel Oil Company or that;

c) a judgment be entered in favor of New Hampshire Insurance Company against Daniel Florio for all damages as may be finally determined by this court, together with costs and interests.

Dated: New York, New York
       September 24, 2012

Yours, etc.,

GWERTZMAN LEFKOWITZ
BURMAN SMITH & MARCUS
Attorneys for New Hampshire
Insurance Company

By: _____
    DAVID S. SMITH (DS-3745)
    80 Broad Street – 16th Floor
    New York, New York 10004
    (212) 968-1001


TO:  KENNEDY LILLIS SCHMIDT & ENGLISH
     Attorneys for Petition
     75 Maiden Lane, Suite 402
     New York, New York 10038
     (212) 430-0800

8