UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE PETITION

of                                                                                      12 CIV 5838 (BSJ)

DANIEL FLORIO, as Owner of the Motor
Yacht "CAROLE JAYE", for Exoneration
from or Limitation of Liability.
-----------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF CLAIMANT'S
## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Claimant Frank Bauco ("Claimant" or "Bauco") files the within Memorandum in Support of its Motion to Dismiss the Limitation Petition for Lack of Subject Matter Jurisdiction. For the reasons discussed more fully below, this Court lacks admiralty subject matter jurisdiction over this matter because it involves a boatyard fire which occurred solely on land. As a matter of law, Petitioner cannot satisfy the first prong of the two part test for maritime tort jurisdiction. Therefore, the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## FACTUAL BACKGROUND

Petitioner Daniel Florio ("Petitioner" or 'Florio") alleges that he was the sole Owner of the CAROLE JAYE ("vessel") at all material times. Petition for Exoneration or Limitation Docket Entry No. 1 at ¶ 4 (hereinafter "Petition"). Petitioner stored the vessel on land in the boatyard of New York Athletic Club ("NYAC") in New Rochelle, NY. Petition at ¶ 7. On or about May 17, 2012, Petitioner alleges that a fire of unknown origin broke out in the vessel. Petition at ¶¶ 10-11. Local fire companies were ultimately able to extinguish the fire. Petition at ¶ 12.

Although the fire companies were able to extinguish the fire, the CAROLE JAYE was severely damaged. Petition at ¶ 13. Several nearby vessels, including that owned by Claimant

Frank Bauco, as well as certain NYAC property are said to have been damaged by the fire. Petition at ¶ 14.

Petitioner filed this instant Petition for Exoneration From or Limitation of Liability on July 31, 2012. On August 7, 2012, this Court issued an Order Directing Issuance of Notice and Restraining Suits. Docket Entry No. 6. In that Order, this Court ordered that any and all claims must be filed in writing on or before September 28, 2012. For the reasons set forth below, this Court lacks admiralty subject matter jurisdiction over this action and the Petition should be dismissed.

## **STANDARD OF REVIEW**

Where a defendant challenges subject matter jurisdiction, the plaintiff (here, Petitioner) as the party asserting the existence of jurisdiction, bears the burden of establishing jurisdiction. *See Thompson v. Gaskill*, 315 U.S. 442, 446 (1942); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). The defendant must carry this burden by a preponderance of the evidence. *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). In examining challenges to federal subject matter jurisdiction, the Court will accept all uncontroverted factual allegations as true. *Conyers*, 558 U.S. at 143.

Under Federal Rule of Civil Procedure 12, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The pleading must contain more than a statement of facts that creates a suspicion of a legally cognizable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal quotations omitted). A plaintiff must allege facts necessary to a finding of liability. *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343-44 (2d Cir. 2006).

2

Pleaders must show that their allegations possess "enough heft" to establish an entitlement to relief. *Twombly*, 550 U.S. at 557. Sufficient facts must be alleged to push the claim beyond speculation and cross the line from conceivable to plausible. *See Twombly*, 550 U.S. at 557 n.5. Pleadings which do not show the required entitlement to relief are exposed at an early stage in the litigation to minimize the time and costs to the litigants and the courts. *Twombly*, 550 U.S. at 558.

## DISCUSSION

### I. THE LIMITATION OF LIABILITY ACT DOES NOT CONFER AN INDEPENDENT BASIS FOR ADMIRALTY JURISDICTION

Recently, the Second Circuit has confirmed that the Limitation of Liability Act does not confer an independent basis for admiralty subject matter jurisdiction. *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 143 (2d Cir. 2011)("the Limitation Act does not confer admiralty jurisdiction over petitions that arise from incidents that, like the one here, did not occur on or over navigable waters."). Thus, the Limitation Act does not confer jurisdiction over an action that is not already encompassed within the admiralty jurisdiction. *Id.* at 144.

In this case, the only ground for federal subject matter jurisdiction asserted is admiralty. Petition at ¶ 1. Since no other ground for federal subject matter jurisdiction has been pled, (or can support a limitation petition), this incident must be encompassed within admiralty to survive a motion to dismiss.

### II. ACCIDENTS WHICH OCCUR SOLELY ON LAND DO NOT INVOKE ADMIRALTY JURISDICTION

Petitioner alleges that while the vessel CAROLE JAYE was being stored on land in the boatyard of NYAC in New Rochelle, NY, a fire of unknown origin broke out aboard the vessel and that the fire severely damaged the vessel as well as other vessels and NYAC property. Petition at ¶ 8, 13-14. Under no set of facts can Petitioner prevail because, as a matter law, this

Court lacks admiralty subject matter jurisdiction over this action because the damage occurred solely on land.

While the Constitution sets the limits of federal admiralty jurisdiction, lower federal courts are guided by Congressional specific statutes to determine the extent of their subject-matter jurisdiction. *See Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922) ("Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.").

Petitioner asserts only one statutory basis for jurisdiction here. Petition alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1333(1). That statutory provision states: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Because the boatyard fire did not occur on the navigable waters of the United States, it fails the first prong of the test for admiralty tort jurisdiction.

The Supreme Court has held that to fall within the federal courts' admiralty jurisdiction, a tort must have *both* occurred on navigable waters *and* borne a significant relationship to traditional maritime activity. *See Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)(" a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity."). The Second Circuit has applied this two-prong test for § 1333(1) jurisdiction over maritime tort claims in numerous recent cases. *See, e.g., Vasquez v. GMD*

*Shipyard Corp.*, 582 F.3d 293, 298-99 (2d Cir. 2009); *LeBlanc v. Cleveland*, 198 F.3d 353, 356-57 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108-09 (2d Cir. 1997). Other Circuits have also applied this rule. *See, e.g., J. Lauritzen A/S v. Dashwood Shipping Ltd.*, 65 F.3d 139, 142 (9th Cir. 1995)(recognizing that admiralty jurisdiction is lacking where the tort occurs or the negligence took effect solely on land).

In this case, there is no set of facts under which it can be said that the boatyard fire occurred on navigable waters. At paragraph 7 of his Petition, Petitioner Florio alleges that the CAROLE JAY was being stored on land at the time of the fire. Assuming, as the Court must on a Motion to Dismiss, the truth of all well-pleaded facts, the Court lacks subject matter jurisdiction over this matter. On the face of the pleading, subject matter jurisdiction cannot exist over this fire because the Petitioner cannot meet the first prong of the test for maritime tort jurisdiction.

More specifically, numerous courts have held that admiralty jurisdiction is lacking where fire damage occurs to vessels solely located on land. *See, e.g. In re. High Hopes*, 1990 U.S. Dist. LEXIS 19610, Civil Action No. 89-590-N (E.D. Va. 1990)(dismissing limitation petition for lack of jurisdiction where an explosion from a vessel damaged other vessels and killed a repairman inside a shed 75 feet from navigable waters); *In re. Midtowner IV*, 2004 U.S. Dist. LEXIS 25550, 03-60757-Civ, (S.D. Fla. 2004)(dismissing limitation petition for lack of jurisdiction where a vessel being repaired on land started a fire and damaged four other nearby vessels).

In a recent decision from a district court in this Circuit, Judge Kravitz dismissed a limitation action which arose out of fire damage to vessels at an onshore boatyard for lack of subject matter jurisdiction. *In re. Indigo Sky*, 743 F. Supp. 2d 103 (D. Conn. 2010), *cited with approval by, MLC Fishing, Inc. v. Velez*, 667 F.3d 140 (2d Cir. 2011). In that case, the fire

5

destroyed the petitioner's vessel and damaged other boats and property at the boat yard. *In re. Indigo Sky*, 743 F. Supp. 2d at 105. The fire began on land and occurred solely on land. Judge Kravitz dismissed the limitation petition for lack of admiralty subject matter jurisdiction because the action failed the locality prong of the two-part test for maritime tort jurisdiction.

Given the facts pled in the Limitation Petition and above-cited authority holding that boatyard fires occurring solely on land fail the first prong of the test for maritime jurisdiction, this Court should grant the instant Motion to Dismiss the Limitation Petition for lack of subject matter jurisdiction.

## CONCLUSION

The Limitation of Liability Act does not confer an independent basis for subject matter jurisdiction in the federal courts. Since the only basis for subject matter asserted in the Limitation Petition is admiralty, there must be an independent basis for admiralty jurisdiction. Petitioner alleges that the boatyard fire occurred solely on land and not on navigable waters. As such, Petitioner cannot satisfy the first prong of the test for maritime tort jurisdiction. There are no other facts contained in the pleading which would support an independent basis for admiralty subject matter jurisdiction. Therefore, the Petition should be dismissed for lack of admiralty subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: September 26, 2012  
New York, NY

Claimant Frank Bauco,

By: ____/s/_____  
Thomas L. Tisdale (TT5263)  
Tisdale Law Offices, LLC  
60 East 42nd Street, Suite 1638  
New York, NY 10165  
Tel:   212-354-0025  
Fax:  212-869-0067  
ttisdale@tisdale-law.com

## CERTIFICATION OF SERVICE

I hereby certify that on September 26, 2012 a copy of the foregoing MEMORANDUM IN SUPPORT OF CLAIMANT'S MOTION TO DISMISS was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                              /s/
                        Thomas L. Tisdale