UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In the Matter of the Petition of            12 CV 5838 (BSJ)
DANIEL FLORIO, as Owner of the
Motor Yacht "CAROLE JAYE", for
Exoneration from or Limitation
of Liability

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
Attorneys for Claimants
New York Athletic Club of the
City of New York, Inc. and
Northern Assurance Company of America
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

Of Counsel:

    John A.V. Nicoletti (JN-7174)
    Val Wamser (VW-0511)

## PRELIMINARY STATEMENT

Claimants New York Athletic Club of the City of New York, Inc. ("NYAC") and Northern Assurance Company of America ("Northern Assurance") submit this Memorandum of Law in Support of their Motion to Dismiss the Petition for Exoneration or Limitation of Liability of Daniel Florio as owner of the motor yacht "CAROLE JAYE" for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This matter arises out of a May 17, 2012 fire that occurred aboard the vessel CAROLE JAYE owned by Petitioner Daniel Florio ("Petitioner" or "Florio") while it was located entirely on land at the boat yard of Claimant New York Athletic Club of the City of New York, Inc. [Petition, Docket No. 1]. As discussed in more detail below, this Court lacks subject matter jurisdiction over this matter. The Limitation of Liability Act does not provide an independent basis for jurisdiction. Accordingly, the Petition should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Since the fire aboard the CAROLE JAYE and resulting damage occurred entirely on land, there was no maritime tort, and therefore, the Court does not have admiralty jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1).

## FACTUAL BACKGROUND

Petitioner Florio alleges that he was the sole owner of a 1983 61-foot motor yacht named the CAROLE JAYE. (Petition ¶¶ 4, 5). Petitioner alleges that prior to and on May 17, 2012, the CAROLE JAYE was located on land in the boat yard of Claimant NYAC in New Rochelle, New York. (Petition ¶ 7).

On May 17, 2012, a fire started aboard the vessel CAROLE JAYE while it was located on land in the boat yard of NYAC. (Petition ¶¶ 7-11). During the course of the fire and

efforts to extinguish same, certain NYAC property and several neighboring boats located on land were also damaged. (Petition ¶ 14).

On or about July 31, 2012, Petitioner Florio, as owner of the vessel CAROLE JAYE, filed a Petition for Exoneration from or Limitation of Liability. [Docket No. 1]. The only basis for subject matter jurisdiction asserted by the Petitioner is admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). (Petition ¶ 1]. No other grounds for subject matter jurisdiction have been asserted. On August 7, 2012, this Court issued an Order Directing Issuance of Notice and Restraining Suits. [Docket No. 6].

## LEGAL ARGUMENT

### THE PETITION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

This Court lacks admiralty subject jurisdiction over this action because the subject fire and resulting damage occurred solely on land. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Lack of subject matter jurisdiction can never be waived and may be raised at any time by any party or by the Court *sua sponte. See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-701 (2d Cir. 2000); *United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville*, 211 F.3d at 700-701. The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *See Wong v. CKX, Inc.*, 2012 WL 3893609, *1 (S.D.N.Y. 2012) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The Second Circuit has recently confirmed that the Limitation of Liability Act, 46 U.S.C.A. § 30501 *et seq.*, does not confer an independent basis for admiralty jurisdiction. *See MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 143 (2d Cir. 2011) ("the Limitation Act does not confer admiralty jurisdiction over petitions that arise from incidents that ... did not occur on or over navigable waters."); *see also Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts*, 921 F.2d 775 (8th Cir. 1990) (the Limitation of Liability Act does not apply beyond navigable waterways because the Act is only coextensive with that of admiralty jurisdiction), *cert. denied*, 502 U.S. 898, 112 S.Ct. 272, 116 L.Ed.2d 224 (1991); *In re Dickenson*, 780 F.Supp. 974 (E.D.N.Y. 1992) (district court lacked admiralty jurisdiction over vessel owner's claim for limitation of liability where alleged tortious activity occurred while vessel was in drydock 50 feet from water). Accordingly, the Limitation of Liability Act does not confer jurisdiction over an action that is not already within the Court's admiralty jurisdiction. *See MLC Fishing.* 667 F.3d at 143.

Petitioner cannot establish that this case is within the Court's admiralty jurisdiction as a matter of law. The Supreme Court has held that to fall within the federal courts' admiralty jurisdiction, a tort must have both occurred on navigable waters and borne a significant relationship to traditional maritime activity. *See Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The Second Circuit has applied this two-prong test for admiralty jurisdiction over maritime tort claims in numerous recent cases. *See, e.g., Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 298-99 (2d Cir. 2009); *LeBlanc v. Cleveland*, 198 F.3d 353, 356-57 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108-09 (2d Cir. 1997).

Petitioner cannot establish the first prong of the test for admiralty jurisdiction as a matter of law. A fire occurring aboard a boat stored on land is not a maritime tort for purposes of

admiralty jurisdiction. In a recent decision, the District Court of Connecticut dismissed a limitation action which arose out of fire damage to vessels at an onshore boatyard for lack of subject matter jurisdiction. *See In re Carter*, 743 F.Supp.2d 103 (D.Conn. 2010), *cited with approval by MLC Fishing, Inc. v. Velez*, 667 F.3d 140 (2d Cir. 2011). In *In re Carter*, the fire destroyed the petitioner's vessel and damaged other boats and property stored on land at a boat yard. 743 F. Supp. 2d at 105. As in this case, the fire began and occurred solely on land. The district court dismissed the limitation petition for lack of admiralty subject matter jurisdiction because the action failed to satisfy the first prong of the two-pronged test for admiralty jurisdiction. *Id.* at 107.

This Court simply does not have admiralty jurisdiction over this case based on the two-prong test for admiralty jurisdiction over maritime tort claims. Petitioner Florio alleges that the vessel CAROLE JAYE was being stored on land at the time of the fire. [Docket No. 1]. On the face of the pleading, subject matter jurisdiction cannot exist over this fire because the Petitioner cannot meet the first prong of the test for maritime tort jurisdiction. It is undisputed that the May 17, 2012 fire aboard the CAROLE JAYE occurred while the Petitioner's yacht and the neighboring vessels and property damaged by the fire were stored on land with no connection to navigable waters. The Petitioner acknowledges this fact in his Petition and has failed to plead that the CAROLE JAYE was on navigable waters at the time of the fire. The Petition and Florio's supporting affidavit clearly establish that the motor yacht CAROLE JAYE was on land for a long period of time at the time the fire occurred, and not on navigable waters. (Petition, ¶ 7). Consequently, there is no admiralty jurisdiction over this matter and Florio's Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

Based upon the foregoing, Claimants New York Athletic Club of the City of New York, Inc. and Northern Assurance Company of America respectfully request that the Court issue an Order dismissing Florio's Petition for Exoneration or Limitation of Liability, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         September 27, 2012

>                        NICOLETTI HORNIG & SWEENEY
>                        Attorneys for Claimants
>                        New York Athletic Club of the City of New York, Inc. and
>                        The Northern Assurance Company of America
>
>                        By: _____
>                        VAL WAMSER (VW-0511)
>                        Wall Street Plaza
>                        88 Pine Street, 7th Floor
>                        New York, New York 10005-1801
>                        Tel. (212) 220-3830
>                        Fax (212) 220-3784
>                        FILE NO.:  10000578 JAVN/VW
>                        E-mail: vwamser@nicolettihornig.com

TO:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

X:\Public Word Files\1\578\LEGAL\Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction.09.27.12.vas.s.rr.doc

- 6 -