RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante, Esq.
Richard González, Esq.
630 Third Avenue, 3rd Floor
New York, NY 10017
(212) 953-2381
*Attorneys for Claimant,*
*International Marine Underwriters*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT,

of

DANIEL FLORIO, as owner of the motor yacht "CAROLE JAYE", for Exoneration from or Limitation of Liability

Petitioner.

Civil Action No.: 12-cv-5838 (BSJ)

**ANSWER AND CLAIM OF INTERNATIONAL MARINE UNDERWRITERS (WITHOUT PREJUDICE TO ITS PENDING MOTION TO DISMISS FOR LACK OF SUBJECT <u>MATTER JURISDICTION)</u>**

International Marine Underwriters, as subrogee of its insured, Ciro J. Galano, owner of the motor vessel "ELIA IV", a 1983, 42 foot, Grand Banks vessel, by and through its counsel, RUBIN, FIORELLA & FRIEDMAN LLP, hereby submits its ANSWER to the Complaint of Daniel Florio, as owner of the motor yacht "CAROLE JAYE" seeking Exoneration from or Limitation of Liability (hereinafter "Petitioner"), and its CLAIM, without prejudice to its pending Motion to Dismiss for Lack of Subject Matter Jurisdiction, and states upon information and belief, as follows:

1. Denies the allegations contained in paragraph one.

2. Admits solely that the Petition is accompanied by several affidavits, but denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph two of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph three.

4. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph four.

5. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph five.

6. Denies the allegations contained in paragraph six.

7. Admits solely that the motor yacht "CAROLE JAYE" was stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, State of New York; the remaining allegations in paragraph seven are statements of law to which no answer is required.

8. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph eight.

9. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph nine.

10. Admits solely that a fire occurred onboard the CAROLE JAYE, which impacted several other vessels stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, State of New York, including Claimant's insured's vessel;

and, denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph ten.

11. Admits solely that a fire occurred onboard the CAROLE JAYE, which impacted several other vessels stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, State of New York, including Claimant's insured's vessel; and, denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph eleven.

12. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twelve.

13. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph thirteen.

14. Admits solely that a fire occurred onboard the CAROLE JAYE, which impacted several other vessels stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, State of New York, including Claimant's insured's vessel; and, denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph fourteen.

15. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph fifteen.

16. Admits solely that it will claim against *inter alia* Petitioner and/or the CAROLE JAYE, for the damages to Claimant's insured's vessel; and denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph sixteen.

17. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph seventeen.

18. Denies the allegations contained in paragraph eighteen.

19. Denies the allegations contained in paragraph nineteen.

20. Denies the allegations contained in paragraph twenty.

21. Denies the allegations contained in paragraph twenty-one.

22. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-two.

23. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-three.

24. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-four.

25. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-five.

26. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-six.

27. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-seven.

28. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-eight.

29. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-nine.

30. Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph thirty.

31. Denies the allegations contained in paragraph thirty-one.

32. Denies the allegations contained in paragraph thirty-two.

**AS AND FOR A FIRST SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim or cause of action upon which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

That the post-casualty value submitted by the Petitioner or on his behalf as a 'negative' amount is improper in that the stated value of the CAROLE JAYE is neither sufficient nor adequate to properly discharge Petitioner's potential liability and obligations, and Claimant contest the appraisal of said vessel, and/or the applicable interest rates.

**AS AND FOR A THIRD SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

Petitioner, as owner of the CAROLE JAYE, is not entitled to either Exoneration From or Limitation of Liability pursuant to 46 U.S.C. §§30501, et seq., for any and all losses and/or damages caused, occasioned or incurred by the vessel fire, because the fault, neglect, want of care, and negligence involving the CAROLE JAYE, Petitioner, his guests, agents and/or employees, were all within the privity and knowledge of Petitioner.

### AS AND FOR A FOURTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

The aforesaid occurrence was the result of the negligence of Petitioner, in his capacity as owner and/or operator of the CAROLE JAYE, and as result of violations of applicable Federal, Safety and Operating Regulations and/or Statutes by the Petitioner, his guests, agents and/or employees.

### AS AND FOR A FIFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

The damages referred to in Petitioner's Complaint were caused by or contributed by the negligence of the Petitioner, in his capacity as owner and/or operator of the CAROLE JAYE.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

That this Court lacks subject matter jurisdiction over Petitioner's Complaint seeking to limit his liability based on a fire which occurred entirely on land, and the circumstances of the loss do not support admiralty jurisdiction.

### CLAIM AGAINST PETITIONER

Claimant, International Marine Underwriters as subrogee of its insured, Ciro J. Galano, owner of the motor vessel "ELIA IV", a 1983, 42 foot, Grand Banks vessel, as for its Claim against Daniel Florio, as owner of the motor yacht CAROLE JAYE, alleges on information and belief as follows:

1. On May 17, 2012, at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, New York, Petitioner, Daniel Florio, his agents and/or his company's employees, negligently caused and/or contributed to the fire onboard the ashore motor yacht, the CAROLE JAYE, which caused significant damage to Claimant' vessel, the ELIA IV.

2. International Marine Underwriters, was and still is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 77 Water Street, New York, Manhattan County, State of New York.

3. Ciro J. Galano is a resident of Yonkers, Westchester County, State of New York.

4. Ciro J. Galano was the owner of the motor vessel "ELIA IV", a 1983, 42 foot, Grand Banks vessel.

5. Ciro J. Galano, procured a policy of marine insurance on his vessel from International Marine Underwriters, with a policy limit for 'property insurance: yacht', in the amount of $230,000.00.

6. International Marine Underwriters issued a policy of marine insurance to Ciro J. Galano's vessel with a policy limit for property insurance in the amount of $230,000.00, with a deductible of $4,600.00.

7. Upon information and belief, Daniel Florio was and still is a resident of Malba, Queens County, State of New York.

8. Upon information and belief, Daniel Florio was the owner of the CAROLE JAYE, a 1983, 61 foot, Hatteras yacht.

9. Upon information and belief, Daniel Florio was and still is the President of Ambassador Fuel & Oil Burner Corp., with an address at: 1049 Washington Avenue, Bronx, New York.

10. Upon information and belief, Ambassador Fuel & Oil Burner Corp., was and still is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at: 1049 Washington Avenue, Bronx, Bronx County, State of New York.

11. Upon information and belief, 'Jose Frietes' was and still is a resident of Yonkers, Westchester County, State of New York.

12. Upon information and belief, 'Jose Frietes' was and still is an employee of Ambassador Fuel & Oil Burner Corp.

13. Upon information and belief, John Doe 1, 2 and 3, were and still are residents of the State of New York.

14. Upon information and belief, John Does 1, 2 and 3, were and still are employees of Ambassador Fuel & Oil Burner Corp.

15. On May 17, 2012, the CAROLE JAYE, was stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, New York.

16. On, May 17, 2012, the ELIA IV, was stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, New York.

17. Upon information and belief, the CAROLE JAYE was at all times resting on several steel support legs on land, such that a ladder was required to board the vessel from the ground.

18. Upon information and belief, vessel owner, Daniel Florio, had employees of his and/or Ambassador Fuel & Oil Burner Corp. perform work on his vessel, the CAROLE JAYE.

19. Upon information and belief, on or about May 17, 2012, Daniel Florio, ordered four employees of Ambassador Fuel & Oil Burner Corp., to perform work on his vessel ashore.

20. Upon information and belief, on May 17, 2012, the employees of Ambassador Fuel & Oil Burner Corp. performed the work ordered by Daniel Florio on his vessel ashore.

21. On May 17, 2012, a fire occurred onboard the CAROLE JAYE, which impacted several other vessels stored on land at the New York Athletic Club, Travers Island Marina, New Rochelle, Westchester County, State of New York, including Ciro J. Galano's vessel.

22. Upon information and belief, immediately prior to the fire, the only persons to go onboard and/or work on the CAROLE JAYE, were Daniel Florio and employees from Ambassador Fuel & Oil Burner Corp. as ordered by Daniel Florio.

23. The fire originating onboard the CAROLE JAYE, caused extensive damage to the ELIA IV, resulting in the constructive total loss of the vessel.

24. Upon information and belief, the fire onboard Petitioner's (Daniel Florio) vessel was caused by or contributed by the fault, neglect, want of care or design, acts and/or omissions on the part of Florio, his agents and/or employees, and/or the CAROLE JAYE, all of which were within Petitioner's knowledge or privity.

25. International Marine Underwriters, paid its insured, Ciro J. Galano, $230,000.00 in insurance proceeds for the damage to his vessel, and has expended over $5,666.88, as nearly as same can now be determined, for other losses and expenses.

26. By reason of the negligent acts and conduct of Daniel Florio, his agents and/or employees, International Marine Underwriters and/or its insured, as their interests may appear, have sustained damages in the amount of at least TWO HUNDRED FORTY THOUSAND TWO HUNDRED SIXTY-SIX DOLLARS AND EIGHTY-EIGHT CENTS ($240,266.88), as nearly as same can now be estimated, no part of which has been paid by Daniel Florio.

WHEREFORE, Claimant, International Marine Underwriters hereby respectfully demands:

   a. Judgement in its favor, denying the admiralty petition of Daniel Florio for Exoneration From or Limitation of Liability;

   b. Dismissal of Petitioner's proceeding with prejudice;

   c. That Claimant, be awarded the sum of TWO HUNDRED FORTY THOUSAND TWO HUNDRED SIXTY-SIX DOLLARS AND EIGHTY-EIGHT CENTS ($240,266.88), as nearly as same can now be ascertained, no part of which has been paid, with pre-judgment interest thereon;

   d. Costs; and

   e. That this Court grant such other and further relief as may be just and proper.

Dated: September 27, 2012
       New York, New York

                                          RUBIN, FIORELLA & FRIEDMAN LLP
                                          *Attorneys for Claimant,*

*International Marine Underwriters*

_____
James E. Mercante
Richard González
630 Third Avenue, 3rd Floor
New York, NY 10017
Ph: 212-953-2381
Fax: 212-953-2462
E-Mail: jmercante@rubinfiorella.com
E-Mail: rgonzalez@rubinfiorella.com
Our File No.: 174.25137

To:

John T. Lillis, Jr.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 401
New York, NY 10038
*Attorneys for Petitioner,*
    *Daniel Florio*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

BELINDA LOPEZ, being duly sworn, says:

I am not a party to this action; I am over 18 years of age; I reside at Keansburg, New Jersey.

On September 27, 2012, I served the within ANSWER AND CLAIM OF INTERNATIONAL MARINE UNDERWRITERS (WITHOUT PREJUDICE TO ITS PENDING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION), upon:

John T. Lillis, Jr.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 401
New York, NY 10038

Harry R. Howard
Harry R. Howard, Esq.
P.O. Box 787
N. Chatham, MA 02650

David S. Smith
Gwertzman, Lefkowitz & Burman
80 Broad Street, 16th Floor
New York, NY 10004

Thomas L. Tisdale
Tisdale Law Offices, LLC
60 East 42nd Street, Suite 1638
New York, NY 10165

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
BELINDA LOPEZ

Sworn to before me this
27th day of September, 2012

_____
Notary Public

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 20_13_

-12-

Our File No. 174.25137

RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante, Esq.
Richard González, Esq.
630 Third Avenue, 3rd Floor
New York, NY 10017
(212) 953-2381
*Attorneys for Claimant,*
*International Marine Underwriters*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**          Civil Action No.: 12-cv-5838 (BSJ)
IN THE MATTER OF THE
COMPLAINT,

              of                                              **DEMAND FOR JURY TRIAL BY**
                                                    **INTERNATIONAL MARINE**
**DANIEL FLORIO, as owner of the motor**            **UNDERWRITERS**
**yacht "CAROLE JAYE", for Exoneration**     **(WITHOUT PREJUDICE TO ITS**
**from or Limitation of Liability**        **PENDING MOTION TO DISMISS FOR**
                                            **LACK OF SUBJECT MATTER**
            **Petitioner.**                      **JURISDICTION)**

Claimant, **International Marine Underwriters**, by and through its counsel, RUBIN, FIORELLA & FRIEDMAN LLP, hereby demands a trial by jury on all matters, without prejudice to its pending Motion to Dismiss for Lack of Subject Mater Jurisdiction.

Dated: September 27, 2012
       New York, New York

                                          **RUBIN, FIORELLA & FRIEDMAN LLP**
                                          *Attorneys for Claimant,*
                                          *International Marine Underwriters*

                                          James E. Mercante

Richard González
630 Third Avenue, 3rd Floor
New York, NY 10017
Ph: 212-953-2381
Fax: 212-953-2462
E-Mail: jmercante@rubinfiorella.com
E-Mail: rgonzalez@rubinfiorella.com
Our File No.: 174.25137

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

**BELINDA LOPEZ**, being duly sworn, says:

I am not a party to this action; I am over 18 years of age; I reside at Keansburg, New Jersey.

On September 27, 2012, I served the within **DEMAND FOR JURY TRIAL**, upon:

John T. Lillis, Jr.
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 401
New York, NY 10038

Harry R. Howard
Harry R. Howard, Esq.
P.O. Box 787
N. Chatham, MA 02650

David S. Smith
Gwertzman, Lefkowitz & Burman
80 Broad Street, 16th Floor
New York, NY 10004

Thomas L. Tisdale
Tisdale Law Offices, LLC
60 East 42nd Street, Suite 1638
New York, NY 10165

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
BELINDA LOPEZ

Sworn to before me this
27th day of September, 2012

_____
Notary Public

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 2013

Our File No. 174.25137

−3−