NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
Attorneys for Claimant
The New York Athletic Club of the City of New York, Inc.
OUR FILE: 10000578 JAVN/VW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In the Matter of the Petition of DANIEL FLORIO, as Owner of the Motor Yacht "CAROLE JAYE", for Exoneration from or Limitation of Liability

12 CV 5838 (BSJ)

**ANSWER**

-------------------------------------------------------------------x

Claimant, NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, INC. ("NYAC" or "the Marina"), by its attorneys, NICOLETTI HORNIG & SWEENEY, as and for an Answer to the Petition of Petitioner DANIEL FLORIO ("Petitioner" or "Florio"), alleges the following upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Petition.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "2" of the Petition.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "3" of the Petition.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "4" of the Petition.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the Petition.

6. Denies the allegations set forth in paragraph "6" of the Petition.

7. Admits that on and prior to May 17, 2012, the CAROLE JAYE was located on land at the boat yard of the New York Athletic Club Travers Island Marina in Pelham Manor, New York and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph "7" of the Petition.

8. Admits that on May 17, 2012 the vessel CAROLE JAYE was connected to the electrical system at the NYAC boat yard and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph "8" of the Petition. Claimant affirmative alleges that post-casualty investigations revealed that the vessel's electrical connection had absolutely no causal relationship to the subject fire.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Petition.

10. Admits the allegations set forth in paragraph "10" of the Petition.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Petition.

12. Admits the allegations set forth in paragraph "12" of the Petition.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the Petition.

14. Admits the allegations set forth in paragraph "14" of the Petition.

15. Admits the allegations set forth in paragraph "15" of the Petition.

16. Admits that NYAC will assert claims against Petitioner for property damage and indemnification arising out of the May 17, 2012 fire that occurred aboard Petitioner's

vessel and, except as otherwise expressly admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph "16" of the Petition.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the Petition.

18. Denies the allegations set forth in paragraph "18" of the Petition.

19. Denies the allegations set forth in paragraph "19" of the Petition.

20. Denies the allegations set forth in paragraph "20" of the Petition.

21. Denies the allegations set forth in paragraph "21" of the Petition.

22. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the Petition.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "23" of the Petition.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Petition.

25. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "25" of the Petition.

26. Denies the allegations set forth in paragraph "26" of the Petition.

27. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Petition.

28. Denies the allegations set forth in paragraph "28" of the Petition.

29. Denies the allegations set forth in paragraph "29" of the Petition.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Petition.

31. The allegations contained in paragraph "31" of the Petition are allegations of law to which no response is required, and to the extent a response is required, the allegations are denied.

32. The allegations contained in paragraph "32" of the Petition are allegations of law to which no response is required, and to the extent a response is required, the allegations are denied.

**FIRST AFFIRMATIVE DEFENSE**

33. The Petition fails to state a claim or cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

34. This Court lacks subject matter jurisdiction over this action.

**THIRD AFFIRMATIVE DEFENSE**

35. This action is not within the admiralty jurisdiction of this Court under 28 U.S.C. § 1333.

**FOURTH AFFIRMATIVE DEFENSE**

36. Petitioner is not entitled to assert limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*

**FIFTH AFFIRMATIVE DEFENSE**

37. The damages for which Petitioner seeks exoneration from, or limitation of, liability were caused by the fault, negligence and/or misconduct of Petitioner and not as a result, in whole or in part, of the acts or omissions of Claimant or any other persons or entities acting on Claimant' s behalf.

**SIXTH AFFIRMATIVE DEFENSE**

38. The damages for which Petitioner seeks exoneration from, or limitation of, liability were caused by the fault, neglect and/or misconduct of Petitioner and/or others within the privity and/or knowledge of Petitioner.

**SEVENTH AFFIRMATIVE DEFENSE**

39. Claimant denies any negligence whatsoever.

**EIGHTH AFFIRMATIVE DEFENSE**

40. The damages for which Petitioner seeks exoneration from, or limitation of, liability occurred as a result of Petitioner's neglect and/or failure to exercise due diligence to make the CAROLE JAYE seaworthy.

**NINTH AFFIRMATIVE DEFENSE**

41. The damages for which Petitioner seeks exoneration from, or limitation of, liability were directly and proximately caused by the failure of Petitioner to properly maintain and repair the vessel CAROLE JAYE.

**TENTH AFFIRMATIVE DEFENSE**

42. The damages for which Petitioner seeks exoneration from, or limitation of, liability were directly and proximately caused by the failure of Petitioner to prevent a hazardous and flammable condition from developing aboard the CAROLE JAYE.

**ELEVENTH AFFIRMATIVE DEFENSE**

43. The damages for which Petitioner seeks exoneration from, or limitation of, liability occurred as a result of the incompetence, insufficient training and/or inadequate supervision by Petitioner of Petitioner's employees, affiliates, agents, contractors and/or others acting under Petitioner's direction and control.

**TWELFTH AFFIRMATIVE DEFENSE**

44. Prior to, and at all times referenced in the Petition, Petitioner failed to exercise due diligence and make and maintain the CAROLE JAYE in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly manned, equipped and supplied and was not seaworthy nor fit and proper for the service in which she was engaged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

45. The *Ad Interim* Stipulation for Value/Letter of Undertaking filed by the Petitioner is inadequate and does not accurately represent the value of the CAROLE JAYE.

**FOURTEENTH AFFIRMATIVE DEFENSE**

46. The Vessel Berthing/Storage Agreement between Petitioner and NYAC clearly and unambiguously provides that Petitioner will indemnify, defend and hold harmless NYAC for any property damage due to fire, and therefore, NYAC is not liable for any damages arising out of the fire.

**FIFTEENTH AFFIRMATIVE DEFENSE**

47. In the event NYAC is adjudged liable for any losses, damages or expenses resulting from the fire started aboard the CAROLE JAYE, NYAC is entitled to complete indemnity and/or contribution from Petitioner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

48. Claimant reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

**WHEREFORE**, Claimant NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, INC. respectfully requests the Court to enter judgment in its favor against Petitioner as follows:

1. that Petitioner's Petition seeking limitation of, or exoneration from, liability be denied and dismissed;

2. that judgment be entered in favor of Claimant against Petitioner for the full amount of all losses sustained by Claimant together with the costs, interest, attorneys' fees and disbursements incurred by Claimant in defending against this action;

3. that Claimant be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 28, 2012

NICOLETTI HORNIG & SWEENEY
Attorneys for Claimant
NEW YORK ATHLETIC CLUB OF THE
CITY OF NEW YORK, INC.

By:______________________________
VAL WAMSER (VW-0511)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel. (212) 220-3830
Fax (212) 220-3784
FILE NO.: 10000578 JAVN/VW
E-mail: vwamser@nicolettihornig.com

TO:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

X:\Public Word Files\1\578\legal\Answer.NYAC.Florio Limitation of Liability Action.09.28.12.vw.s.rr.doc

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
S.S.:
COUNTY OF NEW YORK)

ROSEMARIE RUSSO, being duly sworn, deposes and says:

I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Claimant New York Athletic Club of the City of New York. I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

On September 28, 2012, I served the annexed **ANSWER** by ECF Filing and First Class Mail upon the following:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

Rosemarie Russo
ROSEMARIE RUSSO

Sworn to before me this
28th day of September, 2012

Michelle Maniscalco
Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20 15