NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
Attorneys for Claimant
New York Athletic Club of the
City of New York, Inc.
OUR FILE:   10000578 JAVN/VW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In the Matter of the Petition of<br>DANIEL FLORIO, as Owner of the<br>Motor Yacht "CAROLE JAYE", for<br>Exoneration from or Limitation<br>of Liability | 12 CV 5838 (BSJ)<br><br>**CLAIM** |

------------------------------------------------------------------x

Claimant, NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, INC. ("NYAC" or "the Marina"), by its attorneys, NICOLETTI HORNIG & SWEENEY, hereby claims against Petitioner DANIEL FLORIO ("Petitioner" or "Florio"), as follows:

1. At all relevant times, Claimant NYAC was and is a New York corporation which owns and operates a marina located at 31 Shore Road, Pelham Manor, New York.

2. At all relevant times, Petitioner Florio was and is a resident of the State of New York with a principal residence located at 105 Malba Drive, Malba, New York.

3. At all relevant times, Petitioner was and is the owner of the vessel CAROLE JAYE, a 1983 61-foot Hatteras motor yacht.

4. Prior to and on May 17, 2012, the CAROLE JAYE motor yacht was located on land in the boat yard of NYAC located in Pelham Manor, New York.

5. Prior to May 17, 2012, Petitioner entered into a written "Vessel Berthing/Storage Agreement" ("Storage Agreement") with NYAC for the storage of the vessel CAROLE JAYE at the Marina.

6. On or about May 17, 2012, a fire erupted aboard the Petitioner's motor yacht CAROLE JAYE while it was located on land at the NYAC boat yard in Pelham Manor, New York.

7. The fire emanating from the CAROLE JAYE vessel extended beyond its limits causing fire, smoke and soot damage to other neighboring boats and the premises of NYAC.

8. Upon information and belief, post-casualty investigations have revealed that the fire and resulting damage was caused by the activities of certain employees of Petitioner Florio and/or Florio's company, Ambassador Fuel & Oil Company, who were aboard the CAROLE JAYE immediately prior to the fire.

9. The Storage Agreement between Petitioner and NYAC was in effect on the date of the fire, May 17, 2012.

10. The Storage Agreement provides that NYAC shall not be responsible for any damage caused to the vessel by fire.

11. Pursuant to the Storage Agreement, Petitioner is required to carry hull insurance coverage for the full value of his vessel.

12. Pursuant to the Storage Agreement, Petitioner was required to procure and maintain liability insurance naming NYAC as an additional insured, and in the event Petitioner failed to procure and maintain such insurance or if said insurance coverage is

disclaimed, Petitioner shall indemnify and hold NYAC harmless for all liability arising from or relating to the vessel.

13. Upon information and belief, NYAC was in fact named as an additional insured under an insurance policy providing both hull and liability coverage for the CAROLE JAYE.

14. The Storage Agreement further provides that in the event Petitioner's conduct or that of Petitioner's guests on the vessel causes damage to NYAC or other property or persons located at the Marina, the Petitioner shall promptly pay for any such damage and shall hold harmless, defend and indemnify NYAC for any and all claims, suits or damages brought against NYAC arising from said incident, including reasonable attorney's fees and expenses.

### AS AND FOR A FIRST CAUSE OF ACTION (Negligence)

15. The fire aboard the CAROLE JAYE and resulting damage to NYAC property was caused solely and proximately by the negligence of the Petitioner Florio and/or others under his control and supervision, and no negligence of NYAC contributed to the damage.

16. As a result of the fault, neglect and want of due care of Petitioner and/or those for whom he is responsible, Claimant's property was extensively damaged by the fire aboard the vessel CAROLE JAYE and the resulting fire fighting efforts.

17. The damages suffered by the Claimant NYAC were due to the negligence of Petitioner Florio and/or those for whom Petitioner was responsible, all within the privity and knowledge of the Petitioner.

18. The fire aboard the CAROLE JAYE and resulting damage was caused by the incompetence, insufficient training and/or inadequate supervision by Petitioner of Petitioner's employees, affiliates, agents, contractors and/or others acting under Petitioner's direction and control.

19. The negligence of Petitioner Florio consisted of, *inter alia*, so carelessly and negligently maintaining and servicing the CAROLE JAYE boat that a dangerous fire hazard was created; in failing to properly warn NYAC of the danger then and there existing; in failing to comply with the requirements of applicable statutes, ordinances, rules, regulations, and requirements; and Petitioner Florio was otherwise negligent.

20. As a result of the fire aboard the Petitioner's motor yacht CAROLE JAYE and the resulting fire fighting efforts, Claimant NYAC's property was extensively damaged, the exact extent of which is presently unknown but as nearly as can be estimated at the present time amounts to approximately $25,000.00, no part of which has been paid.

**AS AND FOR A SECOND CAUSE OF ACTION (Common Law Indemnification)**

21. Claimant repeats and realleges each and every allegation set forth in paragraphs "1" through "20", inclusive of this Claim with the same force and effect as if more fully set forth herein at length.

22. As a result of the aforementioned incident, at least one claim has been asserted by a boat owner against NYAC arising out of damage allegedly caused by the fire.

23. Claimant NYAC is expecting that additional claims may be asserted against NYAC arising out of the fire.

24. Any damages resulting from the fire was caused solely by the negligence, fault, neglect and want of due care of Petitioner Florio and/or those for whom he is responsible.

25. The fire aboard the CAROLE JAYE and resulting damage was caused solely and proximately by the negligence of the Petitioner Florio and/or others under his control and supervision, and no negligence of NYAC contributed to the damage.

26. By virtue of the foregoing, if any verdict or judgment is recovered against Claimant NYAC for any claim arising out of the fire, Lincoln Harbor demands indemnity and/or contribution from Petitioner Florio.

27. By virtue of the foregoing, if any verdict or judgment is recovered against Claimant NYAC, NYAC will be injured thereby and will be entitled to judgment over and against and be indemnified by Petitioner Florio for the entire amount of such verdict or judgment, as well as costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION (Contractual Indemnification)

28. Claimant repeats and realleges each and every allegation set forth in paragraphs " 1" through " 27", inclusive of this Claim with the same force and effect as if more fully set forth herein at length.

29. The Storage Agreement between Petitioner Florio and NYAC provides that NYAC shall not be responsible for any damage caused to the vessel by fire.

30. Pursuant to the Storage Agreement, Petitioner was required to procure and maintain liability insurance naming NYAC as an additional insured, and in the event Petitioner failed to procure and maintain such insurance or if said insurance coverage is disclaimed, Petitioner is required to indemnify and hold NYAC harmless for all liability arising from or relating to the vessel.

31. Upon information and belief, NYAC was in fact named as an additional insured under an insurance policy providing hull and liability coverage for the CAROLE JAYE.

32. Pursuant to the Storage Agreement, in the event Petitioner's conduct or that of Petitioner's guests on the vessel causes damage to NYAC or other property or persons located at the Marina, the Petitioner shall promptly pay for any such damage and shall hold harmless, defend and indemnify NYAC for any and all claims, suits or damages brought against NYAC arising from said incident, including reasonable attorney's fees and expenses.

33. If any verdict or judgment is recovered against Claimant NYAC, NYAC will be injured thereby and will be entitled to judgment over and against and be indemnified by Petitioner Florio for the entire amount of such verdict or judgment, as well as costs and attorneys' fees.

34. By virtue of the foregoing, Petitioner is liable to NYAC for the full amount of any verdict or judgment awarded against NYAC arising out of the subject fire, together with attorney's fees, costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION (Insurance Coverage)

35. Claimant repeats and realleges each and every allegation set forth in paragraphs "1" through "34", inclusive of this Claim with the same force and effect as if more fully set forth herein at length.

36. Pursuant to the Storage Agreement, Petitioner agreed to procure liability insurance coverage for the benefit of Claimant NYAC.

37. Petitioner was required by the Agreement to obtain a liability policy which would protect NYAC from any claims arising from said contract and/or any claims

relating to Petitioner's vessel, including but not limited to naming NYAC as an additional insured under said liability insurance policy.

38. Upon information and belief, NYAC was in fact named as an additional insured under an insurance policy providing both hull and liability coverage for the CAROLE JAYE.

39. By virtue of the foregoing, Petitioner and/or Petitioner's insurer is obligated to defend and indemnify NYAC from any and all claims arising out of the subject fire, including the instant limitation of liability action.

40. NYAC has tendered the defense of this and any other action arising out of the fire to Petitioner.

41. As of this date, Petitioner and/or Petitioner's insurer has not agreed to defend and indemnify NYAC for any and all claims arising out of the fire.

42. In the event Petitioner failed to procure insurance and/or have NYAC named as an additional insured, Claimant NYAC is entitled to have judgment over and against Petitioner for any resulting damages to NYAC, including costs, expenses and attorney's fees.

43. The failure of Petitioner to provide liability insurance coverage for NYAC is a breach of the Storage Agreement and NYAC may be caused to sustain damages, costs and expenses in defense of this action for which NYAC shall hold Petitioner responsible for in their entirety.

44. The failure of Petitioner to defend and indemnify NYAC for this action and any other action arising out of the subject fire constitutes a breach of the Agreement and

NYAC shall hold Petitioner responsible for any and all attorney's fees, costs and disbursements incurred in defending itself in this or any other action arising out of the fire.

45. By virtue of the foregoing, Petitioner is obligated to defend and indemnify NYAC from any and all claims arising out of the subject fire, including all attorney's fees, costs of investigation and disbursements which may be incurred in the defense of this or any other action arising out of the subject fire.

46. By virtue of the foregoing, Petitioner shall be liable to NYAC for the amount of any judgment or verdict that may be recovered by any claimant against NYAC as a result of the fire.

47. Claimant, in filing this claim, does not waive any of the defenses set forth in its Answer, which was previously filed in this matter.

**WHEREFORE**, Claimant New York Athletic Club of the City of New York, Inc. respectfully requests the Court to enter judgment in its favor as follows:

1. that Petitioner's Complaint seeking limitation of, or exoneration from, liability be denied and dismissed;

2. that judgment be entered in favor of Claimant against Petitioner on the First Cause of Action for the full amount of all losses sustained by Claimant in an amount not less than $25,000.00, together with the costs, interest, attorneys' fees, disbursements and expenses of this action;

3. that judgment be entered in favor of Claimant against Petitioner on the Second Cause of Action that in the event Claimant is adjudged liable for any losses, damages, or

other expenses resulting from the May 17, 2012 fire, Claimant be entitled to complete indemnity and/or contribution from Petitioner;

    4.  that judgment be entered in favor of Claimant against Petitioner on the Third Cause of Action that in the event Claimant is adjudged liable for any losses, damages, or other expenses resulting from the May 17, 2012 fire, Claimant be entitled to complete indemnity from Petitioner;

    5.  that judgment be entered in favor of Claimant against Petitioner on the Fourth Cause of Action for a declaration that Petitioner is obligated to provide insurance coverage for Claimant and defend and indemnify from any and all claims arising out of the May 17, 2012, fire, including but not limited to costs incurred in defending the instant action;

    6.  that Claimant be granted such other and further relief as the Court deems just and proper.

Dated:   New York, New York
      September 28, 2012

            NICOLETTI HORNIG & SWEENEY
            Attorneys for Claimant
            NEW YORK ATHLETIC CLUB OF THE
            CITY OF NEW YORK, INC.

           By:_____
            VAL WAMSER (VW-0511)
            Wall Street Plaza
            88 Pine Street, 7th Floor
            New York, New York 10005-1801
            Tel. (212) 220-3830
            Fax (212) 220-3784
            FILE NO.: 10000578 JAVN/VW
            E-mail: vwamser@nicolettihornig.com

TO:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

X:\Public Word Files\1\578\legal\Claim.NYAC.Florio Limitation of Liability Action.09.28.12.vw.s.rr.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                         S.S.:
COUNTY OF NEW YORK)

ROSEMARIE RUSSO, being duly sworn, deposes and says:

I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Claimant New York Athletic Club of the City of New York. I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

On September 28, 2012, I served the annexed **CLAIM** by ECF Filing and First Class Mail upon the following:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

_____
ROSEMARIE RUSSO

Sworn to before me this
28th day of September, 2012

_____
Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20__15