Harry R. Howard, Esq. (HH6531)
HARRY R. HOWARD, ESQ.
P.O. Box 787
N. Chatham, Massachusetts 02650
(508) 945-2882
Attorneys for Claimant
VICTOR STRAUSS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of DANIEL FLORIO, as Owner of the Motor Yacht 'CAROLE JAYE", for Exoneration from or Limitation of Liability. | Civil Action No.:  12 CV 5838 (BSJ) **ANSWER TO PETITION AND CLAIM AGAINST PETITIONER** |

Claimant Victor Strauss (hereinafter referred to as "Strauss"), by its attorneys, Harry R.

Howard, Esq. hereby answers Petitioner Daniel Florio's (hereinafter referred to as "Florio"), Petition

for Exoneration or Limitation and makes claim against Petitioner, pursuant to Federal Rules of Civil

Procedure, Supplemental Rule F(5), as follows:

## ANSWER TO PETITION

1.  Denies knowledge or information sufficient to either admit or deny the allegations

    contained in paragraph 1 of the Petition.

2.  Denies knowledge or information sufficient to either admit or deny the allegations

    contained in paragraph 2 of the Petition.

3.  Denies knowledge or information sufficient to either admit or deny the allegations

    contained in paragraph 3 of the Petition.

4.  Denies knowledge or information sufficient to either admit or deny the allegations

    contained in paragraph 4 of the Petition.

5.  Denies knowledge or information sufficient to either admit or deny the allegations

contained in paragraph 5 of the Petition

6. Denies each and every allegation contained in paragraph 6 of the Petition.

7. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 7 of the Petition.

8. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 8 of the Petition.

9. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 9 of the Petition.

10. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 10 of the Petition.

11. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 11 of the Petition.

12. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 12 of the Petition.

13. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 13 of the Petition.

14. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 14 except to admit that on May 17, 2012 a fire opccurred on the Carole Jaye which caused damage to the boat owned by Victor Strauss.

15. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 15 of the Petition.

16. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 16 of the Petition.

17. Denies knowledge or information sufficient to either admit or deny the allegations contained in paragraph 17 of the Petition.

18. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 18 of the Petition.

19. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 19 of the Petition.

20. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 20 of the Petition.

21. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 21 of the Petition.

22. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 22 of the Petition.

23. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 23 of the Petition.

24. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 24 of the Petition.

25. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 25 of the Petition.

26. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 26 of the Petition.

27. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 27 of the Petition.

28. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 28 of the Petition.

29. Denies knowledge or information sufficient to either admit or deny the allegation contained in paragraph 29 of the Petition.

30. Denies knowledge or information sufficient to either admit or deny the allegation

contained in paragraph 30 of the Petition.

31. Denies each and every allegation contained in paragraph 31 of the petition.

32. Denies each and every allegation contained in paragraph 32 of the petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Victor Strauss alleges that the Court herein lacks jurisdiction of this matter as this is not an

Admiralty or Maritime claim under Rule 9(L) of the Federal Rules of Civil Procedure

and/Supplemental Rule F and there is therefore no jurisdiction pursuant to 28USC sec. 1333.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Victor Strauss alleges that the petitioner, Daniel Florio, is not entitled to either Exoneration or

Limitation of Liability pursuant to 46 USC sec. 181-185 and various supplementary statutes thereto a

1. The fire which occurred was caused wholly and solely by the negligence of the petitioner,

   his agents or assigns ;

2. The vessel "Carole Jaye" was on land when the fire occurred.

**WHEREFORE,** Victor Strauss respectfully requests that the Court dismiss Petitioner's

Petition for  Exoneration or Limitation in its entirety, with prejudice and with costs, and to render su

other and further relief as the Court deems just and proper.

## CLAIM AGAINST PETITIONER

Pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure, Claimant Straus

makes the following claim against Petitioner:

1. On or about May 17, 2012, Daniel Florio was the owner of motor yacht CAROLE JAYE whi

   was at the New York Athletic Club Travers Island Marina in New Rochelle, New York.

2. On the aforesaid day Daniel Florio had work done on the aforesaid motor yacht and as a resu

of same a fire originated from and on said motor yacht and spread to the vessel "Paint Bucket"

owned by claimant Victor Strauss causing said vessel to be damaged.

3. As a result of the aforesaid Victor Strauss has been damaged in that his vessel was diminished i

value, he was caused to spend sums of money to repair, and/or replace said vessel, loss the use

of said vessel and has been otherwise damaged.

4. Victor Strauss's damages were caused by Daniel Florio's negligence, gross negligence,

conversion, failure to properly care for, use of dangerous and/or hazardous materials, or all of

the above..


  **WHEREFORE** , Victor Strauss demands judgment against Petitioner Daniel Florio for

damages in the sum of $ 21,758.94, together with interest, legal fees, costs and such other

relief as the Court deems proper.


Dated: September 28, 2012
        New York, New York

                              HARRY R. HOWARD, ESQ.
                              Attorneys for Claimant
                              Victor Strauss

                              By:(s)
                              Harry R. Howard (HH6531)
                              P.O. Box 787
                              N. Chatham, Massachusetts 02650
                              (508) 945-2882


To: John T. Lillis, Jr., Esq.
Kennedy Lillis Schmidt & English
Attorneys for Petitioners
75 Maiden Lane, Suite 402
New York, New York 10038-4816