NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
Attorneys for Claimant
The Northern Assurance Company of America
OUR FILE:   10000578 JAVN/VW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In the Matter of the Petition of               12 CV 5838 (BSJ)
DANIEL FLORIO, as Owner of the
Motor Yacht "CAROLE JAYE", for                 **CLAIM**
Exoneration from or Limitation
of Liability

-----------------------------------------------------------------x

Claimant, THE NORTHERN ASSURANCE COMPANY OF AMERICA ("Claimant" or "Northern Assurance"), as subrogee of the New York Athletic Club of the City of New York, Inc. ("NYAC" or "the Marina"), by its attorneys, NICOLETTI HORNIG & SWEENEY, hereby claims against Petitioner DANIEL FLORIO ("Petitioner" or "Florio"), as follows:

1.   At all relevant times, Claimant Northern Assurance was and is a Massachusetts corporation with a principal place of business located at One Beacon Street, Boston, Massachusetts.

2.   At all relevant times, NYAC was and is a New York corporation which owns and operates a marina located at 31 Shore Road, Pelham Manor, New York.

3. At all relevant times, Petitioner Florio was and is a resident of the State of New York with a principal residence located at 105 Malba Drive, Malba, New York.

4. At all relevant times, Petitioner Florio was and is the owner of the vessel CAROLE JAYE, a 1983 61-foot Hatteras motor yacht.

5. At all relevant times, Claimant NYAC was the owner of a particular 1978 Pearson sailboat.

6. At all relevant times, Northern Assurance was the insurer of NYAC by virtue of a particular insurance policy which provided insurance coverage for the 1978 Pearson sailboat, which is the subject of this claim.

7. Prior to and on May 17, 2012, the CAROLE JAYE motor yacht was located on land in the boat yard of NYAC located in Pelham Manor, New York.

8. On May 17, 2012, a fire erupted aboard the Petitioner's motor yacht CAROLE JAYE while it was located on land at the NYAC boat yard in Pelham Manor, New York.

9. The fire emanating from the CAROLE JAYE vessel extended beyond its limits causing fire, smoke and soot damage to other neighboring boats, including the Pearson sailboat owned by NYAC.

10. By virtue of the incident described herein and pursuant to a certain insurance policy, Northern Assurance paid NYAC for the damage to and/or loss of the Pearson sailboat and Northern Assurance has now taken and is pursuing this claim by way of subrogation against the Petitioner.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Upon information and belief, post-casualty investigations have revealed that the fire and resulting damage was caused by the activities of certain employees of Petitioner Florio and/or Florio's company, Ambassador Fuel & Oil Company, who were aboard the CAROLE JAYE immediately prior to the fire.

12. The fire aboard the CAROLE JAYE and resulting damage to the Pearson sailboat was caused solely and proximately by the negligence of the Petitioner Florio and/or others under his control and supervision, and no negligence of NYAC contributed to the damage.

13. The fire aboard the CAROLE JAYE and resulting damage to the Pearson sailboat was caused by the incompetence, insufficient training and/or inadequate supervision by Petitioner of Petitioner's employees, affiliates, agents, contractors and/or others acting under Petitioner's direction and control.

14. The negligence of the Petitioner Florio consisted of, *inter alia*, so carelessly and negligently maintaining and servicing the CAROLE JAYE boat that a dangerous fire hazard was created; in failing to properly warn NYAC of the danger then and there existing; in failing to comply with the requirements of applicable statutes, ordinances, rules, regulations, and requirements; and Petitioner Florio was otherwise negligent.

15. As a result of the negligence, fault, neglect and want of due care of Petitioner Florio and those for whom he is responsible, NYAC suffered loss and damage to its Pearson sailboat, together with the contents thereof.

16.     The damages suffered by NYAC and its subrogee, Claimant Northern Assurance, were due to the negligence of Petitioner Florio and those for whom Petitioner was responsible, all within the privity and knowledge of the Petitioner.

17.     By virtue of the foregoing, Claimant Northern Assurance has sustained damage and Petitioner Florio is responsible for said damage in the sum of $10,000.00 plus interest.

18.     Claimant, in filing this claim, does not waive any of the defenses set forth in its Answer, which was previously filed in this matter.

**WHEREFORE**, Claimant The Northern Assurance of America respectfully requests the Court to enter judgment in its favor as follows:

1.      that Petitioner's Complaint seeking limitation of, or exoneration from, liability be denied and dismissed;

2.      that judgment be entered in favor of Claimant against Petitioner on the First Cause of Action for the full amount of all losses sustained by Claimant in an amount not less than $10,000.00, together with the costs, interest, attorneys' fees, disbursements and expenses of this action;

3.   that Claimant be granted such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           September 27, 2012

                              NICOLETTI HORNIG & SWEENEY
                              Attorneys for Claimant
                              THE NORTHERN ASSURANCE COMPANY
                              OF AMERICA

By: _____
VAL WAMSER (VW-0511)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel. (212) 220-3830
Fax (212) 220-3784
FILE NO.: 10000578 JAVN/VW
E-mail: vwamser@nicolettihornig.com

TO:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

X:\Public Word Files\1\578\legal\Claim.Northern Assurance.Florio Limitation of Liability Action.09.28.12.vw.s.rr.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                        S.S.:
COUNTY OF NEW YORK)

ROSEMARIE RUSSO, being duly sworn, deposes and says:

I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Claimant The Northern Assurance Company of America. I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

On September 28, 2012, I served the annexed **CLAIM** by ECF Filing and First Class Mail upon the following:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 430-0800
Attention: John T. Lillis, Jr., Esq.

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

_____
ROSEMARIE RUSSO

Sworn to before me this
28th day of September, 2012

_____
Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20___ 15