Arthur J. Liederman (Bar # 0227)
Julia D'Agostino (Bar # 6305)
MORRISON MAHONEY LLP
17 State Street, Suite 1110
New York, New York  10004-1501
(212) 825-1212
*Attorneys for Ambassador Fuel & Oil Burner Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                          :
                                                          :     Case Number:  12-cv-5838 (BSJ)
                                                          :
In the Matter of the Petition of DANIEL                   :
FLORIO, as Owner of the Motor Yacht                       :     **CLAIM AND ANSWER OF**
"CAROLE JAYE" for Exoneration from or                     :   **AMBASSADOR FUEL & OIL BURNER**
Limitation of Liability                                   :        **CORP. TO PETITION FOR**
                                                          :         **EXONERATION FROM OR**
                                                          :        **LIMITATION OF LIABILITY**
                                                          :
                                                          :
                                                          :
-------------------------------------------------------- X

        Claimant/Respondent, AMBASSADOR FUEL & OIL BURNER CORP., by its

attorneys, MORRISON MAHONEY LLP, and as and for its Claim and Answer to the Petition

for Exoneration from or Limitation of Liability of Petitioner, DANIEL FLORIO, alleges, upon

information and belief, as follows:

<u>**CLAIM**</u>

        1.      That on May 17, 2012, Petitioner, Daniel Florio, was the sole owner of the motor

yacht, "Carole Jaye."

        2.      On May 17, 2012, the "Carole Jaye" was located on dry land in the boat yard of

the New York Athletic Club Travers Island Marina in New Rochelle, Westchester County, New

York.

995737v1

3.      It is alleged that on May 17, 2012, the "Carole Jaye" was being readied for launch to begin the 2012 Spring boating season.

4.      It is further alleged that on May 17, 2012, four men, who happened to have been employees of Claimant/Respondent, Ambassador Fuel & Oil Burner Corp., were instructed to remove the plastic shrink wrap cover from the "Carole Jaye" and generally cleanup and polish the outer hull of the vessel.

5.      It is further alleged that on May 17, 2012, a fire commenced on board the "Carole Jaye," during the course of which and the efforts to extinguish it, certain property as well as several boats stored nearby, allegedly sustained physical damage.

6.      The property owner(s) and/or the owner(s) of other vessels allegedly damaged in the May 17, 2012 fire, have or may assert a claim against Claimant/Respondent, Ambassador Fuel & Oil Burner Corp., for damages incurred as a result of the fire.

7.      If the property owner(s) and the owner(s) of other vessels sustained damages in the manner asserted and alleged, such damages were caused by reason of the negligence, actions and/or omissions of petitioner.

8.      WHEREFORE, Claimant/Respondent is entitled to contribution and/or common law and/or contractual indemnification and/or defense and full insurance coverage from, and to have judgment against, the petitioner herein, for all or part of any recovery, verdict or judgment that the property owner(s) and the owner(s) of other vessels may obtain against Claimant/Respondent and for all sums incurred by Claimant/Respondent relating to this matter for defense and/or payments to the property owner(s) and the owner(s) of other vessels.

995737v1

## ANSWER TO PETITION

1.      Claimant/Respondent denies the allegations set forth in paragraph 1 of the petition.

2.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 2 of the petition.

3.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 3 of the petition.

4.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 4 of the petition.

5.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 5 of the petition.

6.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 6 of the petition.

7.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 7 of the petition.

8.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 8 of the petition.

9.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 9 of the petition.

10.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 10 of the petition.

11.      Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 11 of the petition.

12.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 12 of the petition.

13.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 13 of the petition.

14.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 14 of the petition.

15.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 15 of the petition.

16.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16 of the petition.

17.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 17 of the petition.

18.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 18 of the petition.

19.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 19 of the petition.

20.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 20 of the petition.

21.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 21 of the petition.

22.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 22 of the petition.

23.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 23 of the petition.

24.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 24 of the petition.

25.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 25 of the petition.

26.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 26 of the petition.

27.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 27 of the petition.

28.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 28 of the petition.

29.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 29 of the petition.

30.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 30 of the petition.

31.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 31 of the petition.

32.     Claimant/Respondent denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 32 of the petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter/federal admiralty jurisdiction of this matter pursuant to 28 U.S.C. §1333 or Rule 9(L) of the Federal Rules of Civil Procedure/Supplemental Rule F.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Exoneration and Limitation of Liability Act does not provide an independent foundation for federal admiralty jurisdiction for this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Petition fails to state a claim and/or cause of action upon which relief can be granted and/or petitioner is not entitled to the relief requested.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The alleged damages, if any, were caused solely or in part by the negligence or other legal fault of persons or entities other than Claimant/Respondent, and if Claimant/Respondent was in any way legally responsible, any damages should be barred, diminished, or reduced in proportion to the amount of damages caused by persons or entities other than Claimant/Respondent, in accordance with applicable law.

WHEREFORE, it is respectfully requested that the petition for exoneration from or limitation of liability be denied; judgment be entered in Claimant/Respondent's favor; and for such further relief as the Court may in its discretion deem just and proper.

Dated: New York, New York
       September 28, 2012

MORRISON MAHONEY LLP

By:
       Arthur J. Liederman (Bar #0227)
       Julia D'Agostino (Bar # 6305)
17 State Street, Suite 1110
New York, New York  10004
(212) 825-1212
*Attorneys for Ambassador Fuel & Oil Burner Corp.*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 28, 2012 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following addresses:

John T. Lillis, Jr.
KENNEDY LILLIS SCHMIDT & ENGLISH
*Attorneys for Petitioner, Daniel Florio*
75 Maiden Lane – Suite 402
New York, New York 10038-4816
(212) 430-0800

David S. Smith
GWERTZMAN LEFKOWITZ
BURMAN SMITH & MARCUS
*Attorneys for New Hampshire Insurance Company*
80 Broad Street – 16th Floor
New York, New York 10004
(212) 968-1001

James E. Mercante
Richard Gonzalez
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for International Marine Underwriters*
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381

Val Wamser
NICOLETTI HORNIG & SWEENEY
*Attorneys for The Northern Assurance Co. of America and New York Athletic Club of the City of New York, Inc.*
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

Harry R. Howard
HARRY R. HOWARD, ESQ.
*Attorneys for Victor Strauss*
P.O. Box 787
N. Chatham, Massachusetts
(508) 945-2882

995737v1