Harry R. Howard, Esq. (HH6531)
HARRY R. HOWARD, ESQ.
P.O. Box 787
N. Chatham, Massachusetts 02650
(508) 945-2882
Attorneys for Claimant
VICTOR STRAUSS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In the Matter of the Petition of ) <br> DANIEL FLORIO, as Owner of the ) <br> Motor Yacht 'CAROLE JAYE", for Exon- ) <br> Eration from or Limitation of Liability. ) <br> ) | Civil Action No.:  12 CV 5838 (BSJ) |

# MEMORANDUM IN SUPPORT OF CLAIMANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

## PRELIMINARY STATEMENT

Claimant Victor Strauss submits this Memorandum of Law in Support of his motion to dismiss the Petition for Exoneration or Limitation of liability of Daniel Florio as owner of the motor yacht "Carole Jaye" for lack of admiralty subject matter jurisdiction over this matter because it involves a boatyard fire which occurred solely on land. The only basis for subject matter jurisdiction asserted by the Petitioner is admiralty jurisdiction pursuant to 28 U.S.C. sec. 1333(1). (Petition par. 1). Since the fire aboard the "Carole Jaye" occurred entirely on land, there was no maritime tort and therefore the Court does not have admiralty jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1333(1).

## FACTUAL BACKGROUND

Petitioner Daniel Florio on July 31, 2012 filed Petition for Exoneration From or Limitation of Liability. In the Petition he alleged that he was the sole owner of CAROLE JAYE a 1983 61 foot motor yacht.(Petition Par. 4), that it was stored on land in the boatyard of New York Athletic

Club in New Rochelle, New York (Petition at par. 7).    He further alleged that on or about May 17, 2012, a fire broke out in petitioner's vessel and spread to other boats located in the boatyard [including claimant Strauss's]  (Petition  par. 7-11,14)

## LEGAL ARGUMENT

### THE PETITION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

This Court lacks admiralty subject jurisdiction over this action because the fire and resulting damage occurred solely on land. Lack of subject-matter jurisdiction cannot be waived by the parties, Fed. R. Civ. P. 12(h)(1). This Court has not only the authority, but also a duty to dismiss an action at any time if it determines that it lacks subject-matter jurisdiction. In re Carter, 743 F.Supp.2d 103(D.Conn.2010)(Kravitz,J.), citing Fed. R. Civ. P. 12(h)(3).

To determine whether a tort action lies within the federal courts' admiralty jurisdiction, the Court must apply the two-part test set forth by the Supreme Court in Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, (1995), cited by the U.S. Court of Appeals, 2nd Circuit in MLC Fishing Inc. v. Velez, 667 F.3d 140 (2d Cir. 2011). The Court's attention is respectfully directed to the case of In re Carter, supra, which has been favorably cited by the 2nd Circuit Court of Appeals in MLC Fishing, Inc, supra.  In the Carter case, as in the case at bar, there was a petition for Exoneration or Limitation arising out of a fire occurring on land and destroying neighboring boats. In the case at bar, as In Re Carter this Court does not have jurisdiction based on the two-prong test for 28 U.S.C. sec. 1333(1) jurisdiction over maritime tort claims.

The first prong has not been met in that the tort did not occur on navigable waters, In re Carter, supra. Furthermore, the Second Circuit has confirmed that the Limitation of Liability Act, 46 U.S.C.A. sec. 30501 *et seq.* does not confer an independent basis for admiralty jurisdiction MLC Fishing, Inc., *supra*. at 143.

## **CONCLUSION**

As there is no admiralty jurisdiction over this matter , Victor Strauss respectfully requests that this Court enter an order dismissing Daniel Florio's Petition for Exoneration or Limitation of Liability, together with such other relief as this Court deems just and proper.

Dated: October 2, 2012
      New York, NY

                                           HARRY R. HOWARD, ESQ.
                                           Attorneys for Claimant
                                           Victor Strauss

               By:            _____(s)_____
                                         HARRY R. HOWARD  (HH6531)

                                         P.O. Box 787
                                         N. Chatham, Massachusetts 02650
                                         Tel:   (508) 945-2882
                                         Fax:   (508) 945-0255
                                         harryrhoward@gmail.com

To: KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner DANIEL FLORIO
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Attention: John T. Lillis, Jr. Esq.

## **CERTIFICATION OF SERVICE**

      I hereby certify that on October 2, 2012 a copy of the foregoing MEMORANDUM IN SUPPORT  OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION was filed electronically and served by mail on anyone unable to accept electronic filing.    Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.



                                                         Harry R. Howard