GWERTZMAN LEFKOWITZ
BURMAN SMITH & MARCUS
80 Broad Street
New York, New York 10004
(212) 968-1001
Attorneys for New Hampshire
Insurance Company
Our #'s X32-7306R and X32-7310R (DSS:lsw)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, NEW YORK

-----------------------------------------------------------

In the Matter of the Petition of
Daniel Florio, as Owner of the
Motor Yacht "CAROLE JAYE" for
Exoneration from or Limitation of Liability

12 Civ. 5838(BSJ)

-----------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO DISMISS THE COMPLAINT
# FOR LACK OF SUBJECT MATTER JURISDICTION

Respectfully submitted,

Gwertzman Lefkowitz
Burman Smith & Marcus
Attorneys for New Hampshire Ins. Co.
80 Broad Street
New York, New York 10004
(212) 968 - 1001

David S. Smith
of Counsel

GWERTZMAN LEFKOWITZ
BURMAN SMITH & MARCUS
80 Broad Street
New York, New York 10004
(212) 968-1001
Attorneys for New Hampshire
Insurance Company
Our #'s X32-7306R and X32-7310R (DSS:lsw)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, NEW YORK

------------------------------------------------

In the Matter of the Petition of            :       12 Civ. 5838(BSJ)
Daniel Florio, as Owner of the              :
Motor Yacht "CAROLE JAYE" for               :
Exoneration from or Limitation of Liability :
                                            :
                                            :
                                            :
                                            :
------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS THE COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION

### STATEMENT OF FACTS

On May 17, 2012 a fire erupted on a pleasure boat named the Carole Anne (¶ 5, 10,11) Said boat was situated at the New York Athletic Club Marina in Westchester County (hereafter "Marina") (Petition doc 1 ¶ 7, 10-11, Florio aff. Doc. 3 ¶5, 15-18, 21). The Carole Anne was owned by Daniel Florio who was at the Marina when the fire erupted. At the time of the fire,

by Mr. Florio's own admission, the Carole Anne was on land on steel supports. It was not in the water and certainly not in or on navigable waters. (Petition doc 1 ¶ 7, 9, 10-11, Florio aff. ¶ 5-10, 14, 25).

Before the fire was extinguished by the local fire units it damaged several boats including one owned by Frank Taubner and one owned by Fletch Duke, both of which were located in close proximity to the Carole Anne and both of which were situated on land. These boats were both insured by New Hampshire Insurance Company. Claims for the damage to these vessels were thereafter made to New Hampshire and New Hampshire did notify Mr. Florio of these claims. In response thereto Mr. Florio initiated the petition to Limit and/or Exonerate his liability claiming jurisdiction pursuant to Admirably Law. An answer to said petition was filed and served by New Hampshire Insurance on September 24, 2012 (Doc. 9)

New Hampshire Insurance Company asserts that predicated upon Daniel Florio's own petition and his supporting affidavit it is clear there is no Federal jurisdiction under admiralty law and that therefore said petition should be dismissed pursuant to FRCP 12(b)(1).

2

Point I

## **THERE IS NO ADMIRALTY JURISDICTION**

In order to invoke the Federal Court's admiralty jurisdiction the petitioner/plaintiff must set forth facts which at least show that the incident complained of occurred on navigable waters and has a significant relationship to traditional Maritime activity, Sisson vs. Ruby 497 U.S. 358 (1990); Executive Let Aviation vs. City of Cleveland, Ohio 409 U.S. 249 (1972); David Wright Charter Service of North Carolina, Inc. vs. Wright 925, F² 783 (4th Cir. 1991); Complaint of Dickenson 780 F. supp 974 (E.D.N.Y. 1992); Carter vs. Allstate Insurance Co. 743 F. Supp 2d 103 (D. Connecticut 2010)

In the instant case, the petition before this court clearly states that at the time of the fire the Carole Anne was "on land" and Mr. Florio's affidavit in support of the petition agrees stating "on or prior to May 17, 2012 the Carole Anne was stored on land * *" (¶ Florio, aff., ¶9, ¶ 5) The boat had been stored through the winter and was just being prepared for the season. (Florio aff. ¶ 7) Clearly at the time of the fire the Carole Anne was not "on or in navigable waters" and thus the first part of the requirement for admiralty jurisdiction fails.

In the case of Carter vs. Allstate Insurance Co., supra, a case strikingly similar to the case herein, the Court held that where a fire occurred on the Carter boat while said boat was on land, in storage, and the damage sustained was all on land, there could be no admiralty jurisdiction as there was no occurrence on navigable waters.

3

Furthermore, jurisdiction cannot be created by reliance upon the Exoneration and Limitation of Liability Act. 46 U.S.C. 30505(a), MLC Fishing Inc. vs. Velez 667 F3d 140 (2nd Cir. 2011)

The Second Circuit in MLC Fishing Inc. vs. Velez, supra in discussing the issue of whether the Exoneration and Limitation of Liability Act created a new and independent basis for federal jurisdiction stated:

> Every Court of Appeals to reach this question, however, has concluded that the Limitation Act does not provide an independent foundation for Federal admiralty jurisdiction See *Seven Resorts Inc. v. Cantleon, 57 F3d 771, 773 (9th Cir. 1995);* (per curium *Guillory vs. Outboard Motor Corp., 956 F2d 783, 785 (4th Cir. 1991)* (per curium); *Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts, 921 F2d 775, 779-80 (8th Cir. 1990); Lewis Charters, Inc. v. Huckins Yacht Corp., 871 F2d 1046, 1053-54 (11th Cir. 1989);* Complaint of Sisson, 867 F2d 341, 349-50 (7th Cir. 1989), rev'd on other grounds sub nom. Session, 497 U.S. at 358, 110 S. ct. 2892

4

The Court of Appeals found, as did the other circuit courts, there to be no independent jurisdiction created by the Act.

Under the admitted facts of this petition it is clear there is no Federal Admiralty Jurisdiction and therefore this petition should be dismissed and all actions against petitioner allowed to proceed in State Court.

## Conclusion

Predicated upon the foregoing, Claimant New Hampshire Insurance Company respectfully requests this Court issue an order dismissing the Petitioners complaint for lack of subject matter jurisdiction.

Dated: New York, New York
       October 5, 2012

Respectfully submitted,

_____
David S. Smith (DS-3745)
Gwertzman Lefkowitz
Burman Smith & Marcus
Attorneys for New Hampshire Ins. Co.
80 Broad Street
New York, New York 10004
(212) 968 - 1001

5

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 5, 2012 a copy of the foregoing MEMORANDUM OF LAW was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
David S. Smith